UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                                                  Case No.:  8:15-CR-170-T-26TBM

ANDRES GREGORIO CRUZ REYES
_____/

SENTENCING MEMORANDUM

The Defendant, Andres Gregorio Cruz Reyes, by and through his undersigned counsel, responds to the Presentence Report (PSR) and submits this Motion for Downward Departure, and would show:

FACTS

Mr. Cruz Reyes was hired to be a crew member of a go-fast vessel transporting cocaine. He was not the owner of any of the drugs seized. He was paid relatively little money for the trip as compared to the millions of dollars the cocaine was worth. He did not participate in planning or organizing this operation. He had no decison-making authority. He did not have any ownership interest the drugs. His role in the distribution was merely as a crew member of the go-fast. There were others involved in this venture besides the crew of the go-fast vessel. There were the owners of the drugs; the organizers of the venture; the people who hired the crew; the purchasers of the drugs and others involved in refueling the go-fast vessel.

ARGUMENT

OFFENSE LEVEL COMPUTATION / ROLE IN THE OFFENSE

GUIDELINES

The base offense level has been set at 38 based on the total quantity of drugs that was seized. The computation is incorrect because Mr. Cruz Reyes was a minimal or minor participant in this case and should begin at a base offense level of 34. U.S.S.G. § 2D1.1 (a) (3).

In November 2002 the United States Sentencing Commission amended U.S.S.G. § 2D1.1 to establish that the offense level for individuals in drug cases that were granted a mitigating role in the offense would be a level 30. U.S.S.G. § 2D1.1 (a) (3)(2002). The reason for this change was the following:

> This amendment responds to concerns that the guidelines pertaining to drug offenses do not satisfactorily reflect the culpability of certain offenders. . . .
>
> . . . the amendment modifies § 2D1.1 (a) (3) to provide a maximum base offense level of level 30 if the defendant receives an adjustment under § 3B1.2 (Mitigating Role). The maximum base offense level somewhat limits the sentencing impact of drug quantity for offenders who perform relatively low level trafficking functions, have little authority in the drug trafficking organization, and a have a lower degree of individual culpability (e.g. "Mules" or "couriers" whose most serious trafficking function is transporting drugs and who qualify for a mitigating role adjustment).
>
> This part of the amendment responds to concerns that base offense levels derived from the Drug Quantity Table in § 2D1.1 overstate the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2. The commission determined that, ordinarily, a maximum base offense level of 30 adequately reflects the culpability of a defendant who qualifies for a mitigating role adjustment.

U.S.S.G. Appendix C Amend 640.

A minimal participant adjustment applies to defendants "who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 Application Note 4. A minor participant role reduction applies to a Defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2 Application Note 5. Application note 3(A) states that the section provides "adjustments for a defendant who plays a part in committing the offense that makes him substantially

less culpable that the average participant." U.S.S.G. § 3B1.2 Application Note 3(A).

In 2004, the Commission amended U.S.S.G. § 2D1.1(a)(3) making the reduction in base offense level for defendants that receive a mitigating role adjustment graduated. The amendment changed the base offense level from 30 to 34 for cases in which the Drug Quantity Table set the base offense level at 38. U.S.S.G. § 2D1.1 (a) (3)(2004). The Commission made this change because of proportionality concerns with an across the board reduction to level 30 irrespective of the offense level as determined by the Drug Quantity Table. U.S.S.G. Appendix C Amend 669.

## CASELAW

The seminal case is *USA v. Rodriguez de Varon*, 175 F3d 930 (11th Cir 1999). In that case, the defendant was caught smuggling heroin she ingested. She was charged with the amount of drugs she was actually carrying. The court stated that it did "not create a presumption that drug couriers are never minor or minimal participants, any more than they are always minor or minimal." *Id*. at 943. The court held that the district court was required to "assess all the facts probative of the defendant's role in her relevant conduct in evaluating the defendant's role in the offense." *Id*. The court set a two prong analysis to be used in determining whether an adjustment for minor participant is warranted. *Id*. "First, and most importantly, the district court must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing. . . . Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct. *Id* at 945.

> In making the ultimate finding as to role in the offense, the district court should look to each of these principles and measure the discernable facts against them. In the drug courier context, examples of some relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution.

*Id*..

The guidelines adopted the approach in *Rodriguez de Varon* in determining if a person qualified for a mitigating role because it did "not automatically preclude a defendant from being considered for a mitigating role adjustment in a case which the defendant is held accountable under §1B1.3 solely for the amount of drugs the defendant personally handled." U.S.S.G. Appendix C Amend 635.

> The substantive impact of this amendment. . . is to provide , in the context of a drug courier, for example, that the court is not precluded from considering a §3B1.2 adjustment simply because the defendant's role in the offense was limited to transporting or storing drugs, and the defendant was accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored.

*Id*.

Applying the analysis of *Rodriguez de Varon*, and the reason for the change in the guideline to Mr. Cruz Reyes's situation, he should receive an adjustment for minimal participant. Mr. Cruz Reyes's role in this case was as a crew member of a go-fast vessel. He had no ownership interest in the drugs; he was paid little in comparison to the value of the drugs; the value of the drugs were substantial; the amount of drugs was substantial. There were more individuals than Mr. Cruz Reyes and the other go-fast crew members that participated in the smuggling of the drugs. In this case we have the owners of the drugs; the organizers of the venture; the people who hired the crew; the purchasers of the drugs and others involved in refueling the go-fast vessel.. A review of the *Rodriguez de Varon* factors demonstrate that Mr. Cruz Reyes was merely a pawn in the transport of the drugs and should be granted a role adjustment as a minimal participant or a minor participant. Thus, Mr. Cruz Reyes's base offense level should be 34.

VARIANCE REQUEST BASED ON PROPOSED CHANGES TO THE GUIDELINES

The United States Sentencing Commission has proposed changes to U.S.S.G. § 3B1.2 which, barring Congressional action, will go into effect in November 2015. The proposed changes

to Application note 3(C) are as follows:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

United States Sentencing Commission, Amendments to the Sentencing Guidelines (Preliminary), (April, 2015). (See, http://bit.ly/1ar7IMX). Proposed Amendment attached as Exhibit1.

These changes weigh in Mr. Cruz Reyes's favor for a variance. Mr. Cruz Reyes was merely a crew member of a go-fast vessels. He was not aware of the scope and structure of the organization. He did not participate in planning or organizing these trips ( factor ii); he had no decision-making authority or have influence over decision making ( factor iii). In his role as a crew member was to follow the directions of the captain; he had no discretion, he did as was told to do so (factor iv). Mr. Cruz Reyes was paid very little compared to the value of the drugs and what the organizers and financiers were to make (factor v).

Additionally, the last two paragraphs of the changes support giving Mr. Cruz Reyes a

variance because of his role in this case. As the second paragraph states, a defendant who, like Mr. Cruz Reyes, does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The fact, that role as crew member of a go-fast is essential is not determinative. He should receive an adjustment because he is less culpable than the average participant. A person like Mr. Cruz Reyes who just is merely crew member of a go-fast vessel is a minimal or minor participant. He should not be held responsible to the same degree as the organizers, owners, pruchasers, etc.. To do so would effectively make the mitigating role adjustment meaningless. Thus, Mr. Cruz Reyes should receive a variance based on the proposed changes to the guidelines for mitigating role.

## SENTENCING FACTORS TO BE CONSIDERED

In determining a reasonable sentence the court must consider the factors in 18 U.S.C §3553 after calculating and considering the sentencing guidelines. *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007).

**1. Nature and circumstances of the offense and the history and characteristics of the defendant.**

Mr. Cruz Reyes became involved in this activity, as many people do, out of need. Having been abandoned by his wife, he raised his three children and helped support his in-laws. He had very little education having attended school only through the third grade. He has no prior record of criminal activity.

**2. The need for the sentence imposed**

A. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;

  B. To afford adequate deterrence to criminal conduct;

  C. To protect the public form further crimes of the defendant;

 Mr. Cruz Reyes acknowledges that he made a huge mistake.  He has no prior record.  A sentence of 70 months would be adequate deterrence and would protect the public from further crimes of the defendant.  Unless he receives a motion for substantial assistance, a sentence of 120 months would be just punishment in light of his role in this offense.

**3. The kinds of sentences available;**

A sentence of 70 months is available in this case if he receives a motion for substantial assistance, otherwise, a sentence of 120 months is available.

**4. The kinds of sentence and the sentencing range established;**

A sentence of 120 months is the mandatory minimum sentence and a one level variance from the guideline range.

**5. Any pertinent policy statement;**

 In light of the United States sentencing Commission's proposed changes to mitigating role adjustment, it is clear that the policy statement of the Commission is that the mitigating role adjustments should be applied to defendants like Mr. Cruz Reyes more often.

**6. The need to avoid unwarranted sentencing disparities.**

 Sentencing Mr. Cruz Reyes to 120 months imprisonment should not trigger any arguments of sentencing disparity in light of his role in the offense

**7. The need for restitution.**

There is no restitution in this case.

CONCLUSION

For the foregoing reasons, and pursuant to the authority stated above, Andres Gregorio Cruz Reyes respectfully requests that this Honorable Court grant his objections to the PSR and to grant the requested variances to the guidelines.

Respectfully submitted,

/S/ Pedro L. Amador, Jr.
Pedro L. Amador, Jr.
Florida Bar No.: 0007330
2203 N. Lois Avenue, Suite 925
Tampa, Florida 33607
Telephone: (813) 250-0556
Facsimile: (813) 870-3913
Email: pamador@amadorlawfirm.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was furnished via electronic filing U. S. Mail to Assistant United States Attorney Walter E. Furr, III, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602, this 13th day of October, 2015.

/s/ Pedro L. Amador, Jr.
PEDRO L. AMADOR, JR.
Attorney at Law
Florida Bar No.: 0007330